UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

CHRISTINE EDWARDS,

    Plaintiff,

vs.

FLORIDA DETOX, INC., a
Florida Corporation, d/b/a
SPONAUGLE WELLNESS
INSTITUTE,

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR INJUCTIVE AND DECLARATORY RELIEF

Plaintiff, CHRISTINE EDWARDS ("Ms. Edwards" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, FLORIDA DETOX, INC., a Florida Corporation, d/b/a SPONAUGLE WELLNESS INSTITUTE ("FDI" or "Defendant"), and alleges the following:

1. Plaintiff brings these claims for sex-based discrimination, sexual harassment, and retaliation in violation of Title VII and the Florida Civil Rights

Act ("FCRA"), Chapter 760, Florida Statutes, and for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4. The actions giving rise to this lawsuit occurred in Pinellas County, Florida.

## CONDITIONS PRECEDENT

5. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about November 02, 2020.

6. Plaintiff received her Right to Sue letter from the EEOC on March 25, 2021, 2020.

7. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

8. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Pinellas County, Florida, and Plaintiff worked for Defendant in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

10. During all times relevant, Plaintiff lived in Pinellas County, Florida.

11. Plaintiff is protected by Title VII/FCRA because:

   a. She was a female who suffered discrimination based on her sex by Defendant; and

   b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being subjected to sexual harassment and discrimination, and for objecting to sex based discrimination and sexual harassment.

12. Defendant is a Florida corporation that provides health and

wellness services in Pinellas County, Florida.

13. Defendant was at all material times an "employer" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

14. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

15. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

16. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

## GENERAL ALLEGATIONS

17. Ms. Edwards worked for FDI as an Advanced Registered Nurse Practitioner from August 1, 2018, until her constructive discharge on September 16, 2020.

18. During her tenure at FDI, Ms. Edwards had no significant history of performance, attendance, or disciplinary issues.

19. Unfortunately, throughout her employment, Ms. Edwards witnessed a pattern of sexual harassment, gender discrimination, and unlawful activity perpetrated by Owner, Doctor Marvin Sponaugle ("Dr. Sponaugle").

20. Accordingly, as soon as she began working, FDI staff advised Ms. Edwards to "be careful" around Dr. Sponaugle, as he had a history of engaging in inappropriate sexual relationships with previous staff members, despite being married.

21. By 2019, Ms. Edwards began to see the truth of these allegations, as she witnessed Dr. Sponaugle begin an inappropriate romantic relationship with a patients, "C.T.," and "M.L."

22. This type of relationship, which rests upon a disturbing imbalance of power between a treating physician and a patient suffering from toxicity and possible judgment issues, is a clear sabotage of FDI's purported rehabilitation efforts and runs afoul of Florida's Medical Negligence Statute. *See* Fla. Stat. §766.102 *et seq*.

23. To make matters worse, Dr. Sponaugle began paying C.T. sporadically for "tech support" work she allegedly performed at FDI.

24. Emboldened by her new tryst and increased responsibilities, C.T. began taping private conversations between our client and her Staff Resident Nurse, Candace Wingfield ("Ms. Wingfield"), without either individual's consent.

25. Florida's recording laws operate within a "two-party consent"

framework and requires all participants of a conversations to consent to being recorded, which they did not give. *See* Fla. Stat. § 934.03 *et seq*.

26. Additionally, Ms. Edwards became aware that the controlled drug counts at FDI were continually off and/or being manipulated, and FDI even had an unlicensed professional, the secretary, reporting the controlled drug counts in violation of Federal regulations. *See* 42 C.F.R. § 1304 *et seq*.

27. Shocked at the blatant violations of the law occurring in her workplace, Ms. Edwards objected to Chief Operating Officer, Angelica Leon ("Ms. Leon") regarding the violations of Federal regulations and Florida law, including, C.T. unlawfully reviewing other patients' medical charts in violation of the Health Insurance Portability and Accountability Act's ("HIPAA's") provisions against disclosing individually identifiable health information. *See 45* U.S.C. § 164.500 *et seq*.

28. Ms. Edwards' objections are considered "protected activity" pursuant to the FWA.

29. Shockingly, however, after Ms. Leon reported this activity to Dr. Sponaugle, neither he nor any other FDI manager began a formal inquiry or investigation into these unlawful actions, and thus allowed FDI patients and staff to continue brazenly breaking the law.

30. Throughout 2019 and 2020, Dr. Sponaugle consistently referred to female employees and patients in a derogatory/sexually harassing manner, calling them "dumb," "fucking stupid," "fucking whores," and even commenting on patients' breasts and bodies in a sexually charged manner.

31. Whenever Ms. Edwards complained about this behavior to Ms. Leon (who herself was a victim of this harassment), the latter failed to enact any steps to curb or ameliorate Dr. Sponaugle's unlawful behavior.

32. Defendant failed to take any remedial measures in response to Ms. Edwards' serious objections to unlawful discrimination/harassment.

33. As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

34. Due to this hostile work environment other FDI employees, such as, former FDI's CEO, Becky Dagit, and former Secretary, Rahkia Milleard, had no choice but to resign.

35. By September 2020, in retaliation for Ms. Edwards engaging in protected activity pursuant to the FWA and Title VII/FCRA, Defendant refused to pay Ms. Edwards her earned bonus.

36. By this point, Ms. Edwards realized that her objections to the

discrimination and hostile work environment at FDI, as well as the litany of unlawful activities perpetrated by Dr. Sponaugle and his staff, only served to place a target on her back.

37. On September 16, 2020, Ms. Edwards resigned from her employment as she refused to participate in such a patently unlawful enterprise any further.

38. Any reasonable person in Ms. Edwards situation would have similarly felt compelled to resign from her position.

39. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment.

40. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

41. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

42. Plaintiff's discharge was due to the hostile work environment caused by Defendant's acts of sex based discrimination, sexual harassment, and for failing to take prompt remedial measures to alleviate sexual harassment and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law, or what she reasonably believed

to be violations of law.

43. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her constructive discharge, is sufficiently close to create the necessary nexus between the events.

44. Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Edwards as a whistleblower under the law.

45. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII/ FCRA.

46. Plaintiff was treated in a disparate manner from her counterparts as a result of her sex.

47. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

48. Defendant did not have a subjective or objective good faith basis for its actions.

49. Plaintiff has retained the law firm of RICHARD CELLER

Case 8:21-cv-01413-VMC-TGW   Document 1   Filed 06/10/21   Page 10 of 19 PageID 10

LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

50. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1, 3, 4, 9 through 10, 12, 14 through 44, and 47 through 49 of the Complaint as if fully set forth in this Count.

51. On September 16, 2020, Defendant constructively discharged Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

52. Plaintiff was retaliated against and constructively discharged in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity and refusing to participate in same, or what she reasonably believed to be illegal activity, being conducted by Defendant, and for Defendant failing to take any remedial measure in response to her protected activity.

53. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was constructively discharged as a direct result of same, which constitutes a violation of the FWA.

10

54. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as hher costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

55. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex-based discrimination and sexual harassment under Title VII.

57. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

58. Due to the severe and pervasive sex based discrimination and sexual harassment Defendant created a hostile work environment.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

64. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

65. Due to the severe and pervasive sex-based discrimination and sexual harassment Defendant created a hostile work environment.

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of

punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

70. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

71. Plaintiff was constructively discharged within close temporal

proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

72. Plaintiff's objections constituted protected activity under Title VII.

73. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

74. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

75. Defendant's stated reasons for Plaintiff's discharge are a pretext.

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the Title VII.

78. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

79. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

80. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

### COUNT V
### RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

82. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

83. Plaintiff was constructively discharged within close temporal

proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

84. Plaintiff's objections constituted protected activity under FCRA.

85. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

86. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

87. Defendant's stated reasons for Plaintiff's discharge are a pretext.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the FCRA.

90. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

91. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 10th day of June, 2021.

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorney for the Plaintiff*